## LOUISVILLE AND NASHVILLE RAILROAD COMPANY
### et al. v. HAIRSTON.

While several of the acts of negligence set out in the petition failed to make a cause of action, the allegation that in making a coupling the engine backed at from ten to fifteen miles an hour, and, just before hitting the cab, suddenly and abruptly stopped, thereby causing the plaintiff to lose his balance and in the fall to receive the injury, set forth a cause of action good against the general demurrer.

Submitted February 7, — Decided March 7, 1905,

Action for damages.    Before Judge Lumpkin.    Fulton superior court.    August 9, 1904.

The petition of John B. Hairston against the Louisville and Nashville, Atlantic Coast Line, and Georgia Railroad Companies alleges, that the petitioner was a switchman and brakeman; that in the performance of his duty he was on the footboard of the engine for the purpose of coupling the engine to a car by means of what is termed a drawhead; that to operate said drawhead he raised a lever which pulls out a pin and permits the drawhead to automatically lock and fasten; that it also became necessary to move the drawhead so that it would meet and catch on the cab; that while holding up the lever with one hand, balancing himself on the footboard by holding to the engine with the other, and endeavoring to push the drawhead, the engineer gave a sudden, unusual, and abrupt jerk, running up to and against the other part of the drawhead attached to the cab, throwing petitioner out of balance and causing his foot to slip and be thrown into the inner part of the drawhead attached to the engine and into the part with that which locked with the other part attached to the cab, thereby seriously damaging his foot and leg.    It is alleged that the defendants were negligent in maintaining a defective coupler which was loose and out of repair and would not automatically couple, and in maintaining the drawhead so that it could not be operated by the lever but required pressure by foot or other means; that at that time the engine was running across Moore street in Atlanta at the rate of fifteen miles an hour, in violation of the ordinance of the city; that the engine was running at that rate when it came in two or three feet of the cab or car; that the engineer, to prevent running into the cab and causing a collision, gave a sudden, unusual, and abrupt stop as he ran

the engine up to and against the cab, throwing the petitioner out of balance and his foot into the drawhead; that the plaintiff was in the exercise of all proper care and was without fault; that he did not know the defects of the drawhead, and could not have known thereof by the use of ordinary care, but the defendants did know of the defects, or could have known by the use of ordinary care; that he did not have an equal opportunity of knowing of the defects; that he was not injured by any risk incident to the kind of work he was doing. By amendment he alleged, that he was standing at the only place where he could perform the duties assigned to him; that he was performing duties in the manner that required the least danger to his person; that he was without fault and exercised all possible care, and could not perform the duties assigned in any other manner without the greatest danger to his person and limb. The defendants demurred on the ground that the petition set out no cause of action and showed the plaintiff himself was guilty of gross negligence. The court overruled the demurrer, and the defendants excepted.

*Joseph B. & Bryan Cumming* and *Sanders McDaniel,* for plaintiffs in error. *S. C. Tapp,* contra.

LAMAR, J. (After stating the facts.) The defendants' objections are good to some of the acts of negligence charged. The speed ordinance was passed for the protection of those of the public who were crossing the street. Its violation was not of itself an act of negligence which gave the employee riding on the engine a cause of action. It is true also that the petition shows that the plaintiff tried to remedy the defect in the drawhead, and therefore must have known of its condition before the collision. That the drawhead was out of repair may have been the occasion of the plaintiff being in a particular position. But, so far as shown by the pleadings, no damage resulted therefrom, nor would any injury have been received had the engine approached the cab at a proper rate of speed. As we construe the petition, the violation of the speed ordinance and the defect in the coupler do not give the plaintiff a cause of action. Still, the general demurrer was properly overruled. It is alleged that while the plaintiff was on the footboard the engine ran at a high rate of speed, at from ten to fifteen miles an hour, and suddenly and abruptly stopped within a few feet of

the càb, thereby causing the plaintiff to lose his balance, and in the fall to throw his foot between the couplers, thus inflicting the injury of which he complained.     This set out a cause of action good against a general demurrer.

*Judgment affirmed.     All the Justices concur.*