## CLYATT *v.* BARBOUR BROTHERS & CO. *et al.*

Where a landowner leased to another the timber on three named lots of land "for turpentine purposes," for three years from the time boxing began, and the lease expressly stipulated that the money should be paid before boxing began, the payment of the amount due for all of the lots was a condition precedent to the lease becoming operative.  Where, in such case, the landowner claimed that the money for but two of the lots was tendered him, and he thereupon leased the lots to a third party, and the first lessee filed an equitable petition for injunction against the second lessee and claimed therein title to the timber, and on the hearing before the judge the evidence was conflicting as to whether the petitioner had tendered the money for all three lots or for only two, the judge, having found in favor of the latter contention, did not abuse his discretion in refusing the injunction.  Not having complied with the condition precedent by tendering the whole amount due, the petitioner had no such "perfect title" as would authorize an injunction in his favor under the Civil Code, § 4927, as amended by the act of 1899, without proof of irreparable damage or of the insolvency of those whom he sought to enjoin.

Argued May 23, — Decided June 8, 1900.

Petition for injunction.  Before Judge Smith.  Irwin superior court.  April 25, 1900.

*Fulwood & Murray*, for plaintiff.
*J. H. Martin*, for defendants.

SIMMONS, C. J.  On October 28, 1895, Fletcher leased the timber on three certain lots of land to Clyatt, for turpentine purposes, for the term of three years from the date of cutting the boxes.  The lease fixed the price of the timber at $1.50 per acre, and expressly stipulated that the "timber was to be paid for before boxing."  The record discloses that when Clyatt got ready to box the timber and had in fact commenced boxing, Fletcher appeared and stopped him because he had not paid for the timber.  Subsequently Fletcher leased the same timber to Barbour Brothers & Company, who commenced boxing the timber.  Clyatt filed an equitable petition against Fletcher and

Barbour Brothers & Co., setting up his lease and praying that
the defendants be restrained from boxing or cutting the timber.
The evidence for the plaintiff tended to show that at the time
of the original lease the title to one of the lots was in dispute,
and that Fletcher and Clyatt had agreed that the price of the
timber on this lot should be deposited in a certain bank to
await the termination of the litigation in regard to the lot.
The plaintiff's evidence also tended to show that, subsequently
to the lease, this agreement was ratified and renewed, Fletcher
agreeing that the money might be deposited in another bank
and agreeing to receive the certificate of deposit in lieu of cash.
His evidence further tended to show that, upon the occasion
when plaintiff commenced boxing, he tendered Fletcher the
price of the timber upon two of the lots and this certificate of
deposit of the price of the timber upon the lot to which the
title was in litigation.   Fletcher denied having made such an
agreement, and insisted that he demanded the cash to be paid
into his hands before the boxing should commence.   He posi-
tively denied making any agreement in regard to any certifi-
cate of deposit, and testified that the price of the timber upon
the three lots had never been tendered him.   This is the sub-
stance of the evidence.   The judge, after hearing it, refused
the injunction, and Clyatt excepted. ·

As has been shown, the evidence as to the tender of the price
of the timber was conflicting.   The lease was of the timber on
three lots, without any special mention of the lot which was
in litigation.   There was an express stipulation that the timber
should be paid for before the boxing began.   This was made a
condition precedent by the agreement of the parties.   The estate
therefore did not vest in Clyatt until the whole price was paid
or tendered.   Civil Code, § 3137.   If Fletcher's contention be
true, that he had never agreed to receive a certificate of deposit
in lieu of the money, a tender of such certificate would not be a
compliance with the condition.   The money itself should have
been tendered or paid.   Clyatt, not having paid for the timber or
made a proper tender of payment, had no such title as would au-
thorize a court of equity to grant an injunction without proof of
insolvency or irreparable damage.   There is no allegation in the
petition that the damages are irreparable; on the contrary they

are estimated in dollars and cents at an amount which the petitioner alleges he is ready to prove. The testimony shows that both Fletcher and Barbour Brothers & Co. are abundantly solvent. Of course we do not intend to express any opinion as to the truth of the contention of either party as to making tender. That will be a matter for the determination of the jury on the final trial. We simply hold that where the evidence is conflicting and the judge accepts as true that of one party, we will not control his discretion in so doing. In the present case, taking as true that portion of the evidence which the judge accepted as true, the refusal of the injunction was not improper.

*Judgment affirmed. All concurring, except Fish, J., absent.*