## GOETTE *v.* LANE.

1. Relatively to the character and extent of the estate conveyed in the timber described in the conveyance involved in the present case, and to the length of time within which that estate would be determined, this case falls within the ruling made in the case of *McRae v. Stillwell, ante,* 65.

2. Inasmuch as the question of what would be a reasonable time for exercising the privileges granted in the deed involved in the present case is one of fact to be determined in the light of all the facts and circumstances surrounding the transaction, and inasmuch as the same would necessarily

be widely variant in different cases, it can not be determined with reference to any local custom or usage, unless such custom or usage was so general and universal as to have become necessarily by implication a part of the contract, which would not arise unless the custom was one which could be reasonably applied to the particular transaction under investigation. The charge of the court relating to the subject of custom was not warranted by the facts in tLe present case.

Argued June 21, — Decided July 13, 1900.

Equitable petition. Before Judge Evans. Emanuel superior court. October term, 1899.

*A. C. Wright,* for plaintiff in error.

Cobb, J. Lane sued Goette in an action of trespass, alleging that the defendant had entered upon the premises of the plaintiff and taken and carried away therefrom timber belonging to the plaintiff. The jury returned a verdict in favor of the plaintiff, and the defendant's motion for a new trial having been overruled, the case is here upon a bill of exceptions sued out by him, assigning error upon the judgment of the court refusing to grant him a new trial.

1. At the trial it appeared that the plaintiff had conveyed to one Preston "all the pine timber suitable for sawmill purposes" on various tracts of land, including the tract described in the petition, which was one containing 1,841 acres. The grantee and his heirs and assigns were to have the right to enter upon the land described, "for the purpose of boxing the said timber for turpentine purposes, and of cutting, manufacturing, and hauling and taking away said timber and turpentine, or such portion of it as he may wish, at any time in reason, and also the exclusive right and privilege of having sites for sawmills and turpentine stills" on the lands, as well as the right to build and operate roads, tramroads, and railroads for the purpose of hauling the timber, logs, lumber, merchandise, and all other freight, so long as the grantee, his heirs and assigns, might see fit to use or occupy the same, with the privilege of removing all such property from the land, as well as the right to the quiet and peaceable possession of the lands at any and all times for the purpose of turpentining, cutting, manufacturing, hauling and taking away the timber and trees. In the warranty clause of the deed it was stipulated that the plaintiff would for-

ever warrant and defend to the grantee, his heirs and assigns, "the timber and turpentine privileges, and all other of said rights and privileges above mentioned." No definite time was specified in the deed within which the grantee was to exercise the rights and privileges conferred. The defendant in the present case is the successor in title of Preston. In the case of *McRae* v. *Stillwell*, ante, 65, it was held that a deed containing provisions very similar to those in the one under consideration in the present case conveyed to the grantees, their heirs and assigns, all the timber suitable *at the date of the instrument* for the purposes indicated, and that it was incumbent on the grantees and their successors in title to cut and remove such timber within a reasonable time from the date of the conveyance, and that upon failure so to do their interest in the timber ceased and determined. The principle ruled in the case just referred to is peculiarly applicable in the present case. It was there ruled that the deed would be construed as having embraced within it a stipulation that the timber should be removed within a reasonable time. In the present case the parties have inserted in the deed itself such a stipulation; the deed in terms providing that the grantee shall have the right to enter upon the land for the purpose of boxing the timber for turpentine purposes and of cutting, manufacturing, hauling and taking away the timber and turpentine, or such portion as he may wish, "at any time within reason." The parties have in terms agreed that the grantee's right to use the land for turpentine and sawmill purposes shall be exercised within a reasonable time. But even if the words "at any time within reason" were not embraced in the deed, the decision in *McRae* v. *Stillwell* would be controlling here. Counsel for plaintiff in error in the present case was also counsel for the defendant in error in the case just referred to, and at the argument of the present case he was heard upon a motion for a rehearing in the former case. Upon a careful review of the decision in that case, we adhere to the rulings therein made, and the motion for a rehearing has been denied.

2. What time should be allowed the defendant within which to utilize the timber for turpentine purposes and remove the products of such use from the land, and what additional time should be allowed for the defendant to avail himself of the

use of the sawmill privileges and the removal of the timber or the product of the sawmill from the land, are questions to be passed upon and decided by a jury under instructions that they must take into consideration all the facts and circumstances of the case and the conditions surrounding the parties at the time of the execution of the contract, as well as all other facts and circumstances which would throw any light on the questions to be determined. After the jury have considered all these facts and circumstances, it is for them to say what would be a reasonable time to be allowed to the defendant to exercise the rights and privileges granted in the deed under which he claims. See *McRae* v. *Stillwell*, supra. This rule requires that the time fixed shall be reasonable. In cases where there may be a doubt as to whether one or the other of two periods of time would be reasonable, generally the jury should resolve the doubt in favor of the grantee, giving him the longer period of time, for the simple reason that the grantor's right rests upon a forfeiture, which a court of law will enforce but always in such a manner that the injury to him whose rights are the subject of the forfeiture will be the least that the nature of the case will reasonably admit of. What would be a reasonable time will, of course, depend upon the peculiar facts of each case and will be widely variant in different cases. For this reason a local custom or usage, although its existence is proved with the strictness required by law, would not ordinarily be relevant or material evidence in determining what is a reasonable time to be allowed in such cases. Certainly such a custom would have no bearing upon the case unless its observance was shown to be so general and universal that there could be no escape from the implication that the parties intended to contract in the light of the same. Especially would a local custom or usage not be applicable when the time fixed thereby might be such a short period of time as not to be at all reasonable when applied to the facts and circumstances of the particular case. The charges in reference to local custom and usage which were the subject of complaint in the motion for a new trial were erroneous, for the reason that the evidence did not establish the existence of a custom of such universal observance as that it was necessa-

rily to be inferred that the parties contracted in the light of the same.    *Judgment reversed.    All the Justices concurring.*