## Howell *et al. v.* Clements

Atkinson, J. 1. In an action to enjoin the cutting of timber and to recover damages, the plaintiffs claimed title under a deed executed in 1906, which conveyed the land in fee, but contained no exception or reservation of the timber. Defendant claimed under an older deed executed in 1904 by plaintiff's grantor, and an unbroken chain of conveyances, each of which conveyed all the timber on the land, but did not mention any time within which to remove it. In stating the contentions of the parties and instructing the jury on the law of the case, the judge referred to the pleadings and charged in general terms that defendant would have a reasonable time within which to remove the timber. *Held,* that the instruction embodied a correct principle of law applicable to the case (*Shippen Lumber Co.* v. *Gates,* 136 *Ga.* 37, 70 S. E. 672), and, in the absence of an appropriate request to charge, was not erroneous because the judge did not further state that in passing on the question of reasonable time in which to remove the timber the jury should

reckon from the date of the first deed by the common grantor, rather than the dates of the intermediate deeds to the timber under which defendant claimed, or from the date defendant actually commenced to cut the timber.

2. It was not erroneous to. instruct the jury to disregard testimony as to utterances of the common grantor, made out of the presence of defendant to' plaintiffs after his conveyance of the timber, to the effect that the grantee had two years in which to remove the timber and "his time was about up."

3. There being no evidence of any usage or universal custom applicable to the removal of timber in quantities and situated as that involved in this case, it was not erroneous to instruct the jury: "Nothing that [a named witness] swore as to what was a reasonable time, if it was based upon any custom or usage as to time, should be considered by you. Anything that he may have said based upon knowledge of timber as a sawmill man, and the conditions surrounding this particular timber, is to be received by you and considered along with the other testimony in the case in determining what was a reasonable time, the contract not specifying any time at all." *Goette* v. *Lane*, 111 *Ga.* 400 (36 S. E. 758).

4. It was erroneous to instruct the jury, "You may believe that witness who has the least inducement to swear falsely and the best means of knowing the facts about which he testifies," without appropriate qualification in regard to equal credibility of the witnesses. *N., C. & St. L. Ry.* v. *Hubble*, ante, 300 (76 S. E. 1009). But the error will not require a new trial in this case. The only strangers to the title who testified were witnesses for plaintiffs. The plaintiffs' right to recover depended upon whether a reasonable time had expired in which to remove the timber. This was a question altogether of opinion. There was some difference in the estimates of the quantity of timber on the lot, but no substantial conflict as to its character, location, or other fact relied on as a basis for showing reasonable time for removal of the timber.

5. The first deed to the timber was executed in 1904, and suit was instituted in 1909. The circumstances were not such as to require a holding that a reasonable time for removal of the timber had expired. The verdict for the defendant was supported by the evidence, and the discretion of the trial judge in refusing a new trial will not be disturbed.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*
FEBRUARY 12, 1913.

Equitable petition. Before Judge Fite. Murray superior court. January 6, 1912.

*Maddox, McCamy & Shumate*, for plaintiffs.
*S. Bartow Strang,* for defendant.