## FLORIDA YELLOW PINE COMPANY *v.* FLINT RIVER NAVAL STORES COMPANY.

An owner of timber made an instrument in the form of a deed, expressing a consideration of one dollar paid, and reciting that the maker "has granted, bargained, leased, and conveyed, and does by these presents grant, bargain, lease and convey," to the other party, his heirs and assigns, "for the sum of one hundred and fifty ($150.00) dollars," all of the timber on a described tract of land, for the purpose of cupping, working, and otherwise using such timber for turpentine purposes. There was a habendum clause, a warranty, and a clause giving a right of assignment. The instrument also included the following: "The beginning of the work [of] the turpentine business shall be December 1, 1911, and continue until December 1, 1916, and the payment of the above sum shall be made on or before December 1, 1911." This was attested and recorded like a deed. *Held,* that although the work did not begin and the payment was not made on December 1, 1911, this did not forfeit all rights on the part of the lessee; and, where, early in the year 1913, the same grantor made another lease of the timber for turpentine purposes to one who was affected with notice of the prior lease, there was no abuse of discretion in granting an injunction to restrain the second lessee from using the timber for turpentine purposes, at the same time requiring the plaintiff to give a bond to pay the defendant any amount which the latter might recover on the final trial, and providing that if this should not be done in ten days the defendant might give a like bond, and in that event the plaintiff should be enjoined.

JULY 18, 1913.

Injunction. Before Judge Frank Park. Decatur superior court. May 12, 1913.

On May 11, 1911, J. R. Gholson executed to C. Cunningham an instrument which expressed a consideration of $1.00. It then declared that Cunningham "has granted, bargained, leased, and conveyed, and does by these presents grant, bargain, lease, and convey unto the said party of the second part, his heirs and assigns,

for the sum of one hundred and fifty ($150.00) dollars, all of the timber upon the following described tract of land, for the purpose of cupping, working, and otherwise using said timber for turpentine purposes: all the turpentine timber he owns on lot Number 347 in the 21st District of Decatur county, Georgia. The beginning of the work [of] the turpentine business shall be December 1, 1911, and continue until December 1, 1916, and the payment of the above sum shall be made on or before December 1, 1911." It also contained the usual habendum clause, covenant of warranty, and provision for right of egress and ingress, and the right of assignment. It was recorded, and later assigned by Cunningham to the Bainbridge Naval Stores Company, and by that company to the Flint River Naval Stores Company. Neither Cunningham nor the assignees under him paid the purchase-money or began working the timber for turpentine purposes. On March 4, 1913, Gholson executed to the Florida Yellow Pine Timber Company a turpentine lease covering the same timber, and containing the usual habendum clause, covenant of warranty, and right of assignment. That company began working the timber for turpentine purposes. The Flint River Naval Stores Company thereupon filed a petition to enjoin such work, and to recover damages for what had already been done. On the hearing the presiding judge granted the injunction, but required the plaintiff to file a bond to pay the defendant any amount which the jury might find against the plaintiff at the final trial, and provided that if the bond should not be given within ten days the defendant might give a similar bond, and the plaintiff should then be enjoined. The defendant excepted.

*W. V. Custer,* for plaintiff in error.

*A. H. Russell* and *M. E. O'Neal,* contra.

LUMPKIN, J. Each party claimed under what is called a lease of the timber, for turpentine purposes, from the same owner. The taker of the subsequent lease proceeded to use the timber for those purposes. The holder of the first lease sought to enjoin such operation as a continuing trespass. The presiding judge granted an interlocutory injunction, requiring bond to be given. The case turned on the question, which of the contestants had the superior right? The instrument under which the plaintiff claimed was in the form of a deed, reciting a present consideration of $1.00 paid, and stating that the further amount of $150 was to be paid on or before De-

cember 1st thereafter. It declared that "the beginning of the work ·[of] the turpentine business shall be December 1, 1911, and continue until December 1, 1916." This fixed the limits within which the grantee might exercise the right to use the timber for the purpose named, but did not provide for a forfeiture or loss of the right if he should not begin work on that day. The date mentioned for beginning the work and that for payment were the same, but there was no provision for a termination of the right in case payment should not be made on that date. The paper here involved differs from that considered in *Clyatt* v. *Barbour,* 111 *Ga.* 130 (36 S. E. 468). There was no effort in the present case to use the privilege without payment, nor was there any refusal of payment on demand, nor any allegation of insolvency on the part of the holder of such instrument. The lease included also the grant of rights of ingress and egress, a covenant of warranty, and a right of assignment, and was recorded like a deed. The case is more like that of *Baxter* v. *Mattox,* 106 *Ga.* 344 (32 S. E. 94), than that above cited.

The grantor, on March 4, 1913, made another lease of the same timber for the same purpose to the defendant company. There was no denial that this lessee was affected with notice, and that it was proceeding to use the timber for turpentine purposes. And there was no abuse of discretion in granting the interlocutory injunction, with the protective provisions as to requiring bond. *Florida Yellow Pine Co.* v. *Flint River Naval Stores Co.,* ante, 321 (78 S. E. 900). *Judgment affirmed. All the Justices concur.*