GEORGIA LAND OWNERS CO. *et al. v.* TANNER *et al.*

The court did not err, at the interlocutory hearing, in granting the injunction prayed.
NOVEMBER 13, 1914.

Injunction. Before Judge Quincey. Coffee superior court. April 25, 1914.

*Fulwood & Skeen,* for plaintiffs in error.

*Wilson, Bennett & Lambdin* and *Dickerson & Kelley,* contra.

BECK, J. B. H. Tanner, Bailey Manufacturing Company, and J. G. and A. K. Sessoms as executors of the last will of A. Sessoms, deceased, brought their equitable petition seeking an injunction against the Georgia Land Owners Company and A. A. Jarrell, and their agents, employees, and confederates, alleging, among other things, that on the 4th day of October, 1907, B. H. Tanner, being the owner of a certain lot of land and in possession thereof, executed and delivered to the Bailey Manufacturing Co., a corporation, a certain instrument as follows:

"State of Georgia, County of Coffee. .

"This indenture made this the 4th day of October, 1907, between B. H. Tanner, of the county and State aforesaid, of the first part, and the Bailey Manufacturing Company, a corporation duly organized and existing under the laws of the State of Georgia, with its principal place of business in Ware County, Georgia, of the second part. Said timber is not to be cut until paid for.

"Witnesseth, That the said party of the first part for and in con-

sideration of the sum of One Thousand Dollars ($1,000) in hand paid by party of the second part, the receipt whereof is hereby acknowledged, doth bargain and sell, and by these presents hath bargained and sold to the party of the second part, its successors and assigns, all of the pine and cypress timber standing or lying, suitable for sawmill purposes, measuring twelve (12) inches in diameter twenty-four (24) inches above the ground, at the time of cutting of the same from the following described lot of land, to wit, Lot 152 in the Seventh District of Coffee County, Georgia. And it is hereby understood that, with this sale of the timber from the lands hereinbefore mentioned, the said party of the second part shall have the right to open, locate, and maintain through said land such wagon and tram roads as may be necessary to convey the said timber or the products thereof to market or other place as it may desire. It is understood, however, that the privileges herein conveyed shall be exercised only within the term of fifteen years from the date of this instrument of writing, and not after, unless the same is done under a renewal of contract or the time extended under this present one. But it is understood and agreed, however, that this lease shall cease, determine, and be void from and after three years from the date the party of the second part, its successors and assigns, enters upon said lot and begins to cut and remove the timber from said lands. The said party of the first part hereby warrants and defends the said party of the second part, in the privileges herein granted, against the lawful claims of all persons whomsoever. In witness," &c.

This deed or lease was recorded on December 13, 1907. On April 19, 1913, Tanner conveyed the said lot of land to the Georgia Land Owners Company, "subject to all outstanding timber leases." Sessoms, the deceased, was the transferee of a judgment obtained against the Bailey Manufacturing Company prior to the deed to the Georgia Land Owners Company. The consideration of the lease to the Bailey Manufacturing Company had not been paid, nor had that company or its successors or assigns ever entered upon the land for the purpose of cutting and removing the timber therefrom; but it was alleged that said lease was still in force and effect; that at the time the Bailey Manufacturing Company and its assigns had entered to cut and remove the timber the lease had not elapsed; and that the Georgia Land Owners Company and Jarrell (who was

acting under the authority of that company) and their employees entered upon the lot of land and began cutting and removing, and were at the time of filing the petition cutting and removing, the timber from said lot of land and manufacturing the same into cross-ties; and there was evidence to support this allegation. The defendants demurred to the petition. At the interlocutory hearing the court granted the injunction prayed; and granted other relief conditionally. The only exception taken by the defendants is to the granting of the injunction restraining them from cutting and removing timber suitable for sawmill purposes, measuring 12 inches in diameter 24 inches above the ground.

The court did not err, under the evidence in the case, in granting the interlocutory injunction. The Georgia Land Owners Company took under a deed "subject to all outstanding timber leases." That is, relatively to the issue in this case, it took subject to the terms and conditions of the lease executed and delivered by Tanner to the Bailey Manufacturing Company. The Bailey Manufacturing Company has rights, inchoate perhaps; but certainly has rights and an interest in the timber described in the lease upon the lot conveyed. Those rights are superior to the rights of the Georgia Land Owners Company. And while the Bailey Manufacturing Company had not paid the consideration mentioned in the lease, or any part thereof, there was still time in which this could be done so as to complete the title to the timber described. Until the expiration of the 15 years, the grantee in the deed executed subsequently to the lease to the Bailey Manufacturing Company could not enter upon the lot of land for the purpose of cutting and removing the timber thereon which fell within the description contained in the lease. To permit it to do so would be to allow it to destroy the substance of the subject-matter of the lease. This case differs from that of *Clyatt* v. *Barbour*, 111 *Ga.* 130 (36 S. E. 468), in that in the case at bar the subsequent grantee takes upon the express condition that his grant is subject to all outstanding timber leases, while in the *Clyatt* case no such condition attached to the junior lease. This is substantial ground for a distinction between the two cases.

Whether or not all of the petitioners were necessary or proper parties may be tested at the trial upon the hearing of the demurrers.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*