## KATIE S. WORCESTER *vs.* MAMIE P. SMITH.

### Washington.    Opinion March 11, 1918.

*Deeds. Exceptions and reservations. Difference between an exception and a reservation. General rule to be applied in determining whether a clause should be deemed an exception or a reservation.*

This is an action of assumpsit on account annexed to recover certain sums alleged to be due for one-half rent for gravel sold from a gravel pit on the land of defendant, to which defendant pleads the general issue.

The deed from Foster to French contains the following language:   "E. A. Foster has half the income of the gravel in said lots where now opened."

The only question here raised is an interpretation of the reservation clause found in the deed from Foster to French.   Is it a reservation or an exception?

*Held:*

(1)    Under the facts and circumstances the reserving clause must be construed as an exception.

(2)    Though not containing words of inheritance, yet the clause is operative as an exception, the effect of an exception being, that the grantor has never parted with his title.

(3.)    The language, "Foster has half the income of the gravel in said lots where now opened" excepts the gravel in the lot in which the gravel pit was located, and not the hole or pit that was opened on the lot.

(4)    The modifying phrase "Where now opened" is used to designate the excepted lot, not the pit.

Action of assumpsit.    Defendant filed plea of general issue.    At close of evidence, by agreement of parties, case was reported to Law Court to enter final judgment according to the rights of the parties. Judgment in accordance with opinion.

Case stated in opinion.

*A. D. McFaul,* for plaintiff.

*Gray & Sawyer, and G. G. Freeman,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

SPEAR, J.   This is an action of assumpsit on account annexed to recover certain sums alleged to be due for one-half rent for gravel sold

from a gravel pit on the land of defendant, to which defendant pleads the general issue.    Eliot A. Foster and Talbot S. French in 1878 were the owners in common and undivided of a farm in Columbia, called the John Puffer farm.    They divided the farm July 31, 1879, and passed division deeds, and the determination of the rights of the parties depends upon the construction of those deeds, particularly the deed of Foster to French.    The plaintiff is the daughter of Foster, and owns under his division deed; the defendant is the daughter of French, and holds under his division deed.    The deed from Foster to French contains the following language:    "Reserving the apple and plum trees on said land undivided E. A. Foster has half the income of the gravel in said lots where now opened and one-half the house as it now stands with the privilege to use as his own so far as one-half is owned," and interlined are the following words:—"the land on which it stands belongs to the said T. S. French."

The only question raised is an interpretation of the reservation clause found in the deed from Foster to French.    Is it a reservation or an exception?    An "exception" is a part of the thing granted and of a thing in being at the time of the grant.    A "reservation" vests in the grantor some new right or interest that did not exist in him before, and operates by way of an implied grant.    *Hall* v. *Hall*, 106 Maine, 389.

In *King* v. *Walker*, 87 Maine, 550, it is said:    The distinction between an 'exception' and a 'reservation' is frequently obscure and uncertain, and has not always been observed, and the two expressions have to a great extent been indiscriminately employed.    Moreover, a reservation is often construed as an exception in order that the obvious intention of the parties may be subserved.    *Winthrop* v. *Fairbanks*, 41 Maine, 307; *Smith* v. *Ladd*, Id., 316; *Bowen* v. *Conner*, 6 Cush., 132.    Whether a particular provision is intended to operate as an exception or reservation is to be determined by the character, rather than by the particular words used.    *Perkins* v. *Stockwell*, 131 Mass., 529, 530."

Accordingly, not only from the language of the reserving clause in this deed, but from all the circumstances surrounding the transaction, is the intention of the parties to be discovered.    In 13 Cyc., 677, under e. Intention, is found this rule of construction:    "A reasonable construction should be given to a reservation or exception according to the intention of the parties, ascertained from the entire instrument.

There should be considered, when necessary and proper, the force of the language used, the ordinary meaning of words, the meaning of specific words, the context, the recitals, the subject-matter, the object, purpose, and nature of the reservation or exception and the attendant facts and surrounding circumstances before the parties at the time of making the deed. This rule is applicable to the construction of reservations or exceptions of property generally." Determined by these rules, we are of the opinion that the parties, by the reserving clause in their deed, intended an exception rather than a reservation. Their wives were sisters; they owned the property in common; had developed the gravel pit together; had received the income from it jointly. It was an enterprise distinct from that of farming; it was in the nature of a mine of some kind of metal, found on the farm; it was a source of income separate from that derived from farming; it was a product of commerce, right where it lay, independent of farm labor; it was not essential to the operation of the rest of the land conveyed; it was an existing, distinct deposit, characteristic of that kind of soil well known as a gravel bank, having a well defined commercial value, depending upon its quality, access and availability.

The parties to this deed must be regarded as having understood the nature of their transaction. Accordingly it seems but natural and reasonable that the grantor intended to take out of this conveyance his interest in this gravel bank. It was not something created by the reserving words. It already existed. It was an entity far more distinct from the thing conveyed than any of the cases enumerated in *Hall* v. *Hall*, 106 Maine, 392. The language also supports the interpretation. It indicates the intention on the part of the grantor to take something out of the thing granted that would otherwise have passed by grant. This is the very essence of an exception as distinguished from a reservation.

Our conclusion, therefore, is that the reserving clause must be construed as an exception.

This reserving clause does not contain words of inheritance, yet, though the grantor be deceased, the clause is operative as an exception, the effect of an exception being, that the grantor has never parted with his title.

The remaining question is what the exception covered, on the face of the earth. While the language of description is not specific, yet the intention of the parties may be reasonably ascertained. The

evidence shows that at the time of the conveyance there was but one small gravel pit opened, and that was on lot 4. It also shows that the gravel sold, for one-half of the proceeds of which this suit is brought, was not taken from the pit opened at the time of the conveyance, but from another pit opened since, on the same lot. 4.

The defendant, therefore, contends that, even though the reserving clause be construed as an exception, the plaintiff cannot recover, as the exception applies only to the pit, or hole, open at the time of the conveyance. We cannot assent to this interpretation of the language of the reserving clause. "Foster has half the income of the gravel in said lots where now opened." This language is significant. It excepts in so many words "the gravel in said lots," and then adds the qualifying phrase "where now opened;" that is, the lot, in which the pit is now opened. It does not say "in said pits" or holes" where now opened." The modifying phrase "where now opened" is used to designate the excepted lots. It is half the income of gravel "in said lots,"—not "in said pits."

Moreover, taking into consideration the object and purpose of this exception, it seems evident that they were not thinking of a gravel hole or gravel pit, but of just what was expressed in the language which was used in the deed, "gravel in said lots." Otherwise the grantee might do just what would result in this case, whether by accident or design, we do not know, namely; leave this small pit or hole as it was and open other pits all around it, if need be, and thereby deprive the grantor of the very source of income which he undoubtedly thought he would derive from the sale of gravel from this lot; nay, more, by abandoning the pit then open, deprive the grantor of any income whatever, and at the same time make the pit worthless by the encroachment of other pits. In other words, if the defendant's contention is sound, the grantor, by the reserving words in his deed, obtained nothing whatever but the favor of the grantee, which is now denied him.

The exception must be confined to the lot in which the pit had been opened at the date of the conveyance. As only lot 4 was then opened, the exception applies only to the gravel that may be sold from lot 4.

We find for the plaintiff with interest from October 1, 1917, being the nearest approximate to the date of the writ.

*Judgment for plaintiff for $46.55.*