## KIRKLAND *v.* ODUM.

The court did not abuse its discretion in granting a temporary injunction.
No. 3639. July 21, 1923.

Injunction. Before Judge Highsmith. Jeff Davis superior court. February 22, 1923.

M. L. Odum filed his petition for injunction against Z. W. Kirkland, and made this case: On May 17, 1920, L. B. Shellman, the owner in fee, leased to him all of the turpentine timber on a described tract of land for five years. This lease recited that in consideration of the sum of $75 the lessor leased to the lessee, his heirs and assigns, at the rate of $60 per thousand boxes, all of the timber on these lands for turpentine purposes. The lease was on a printed form, and was prepared by the lessee. When presented to the lessor for execution the consideration of the lease was stated to be $60, and the price per thousand boxes was $60. The lessor objected to this consideration and price, and insisted on a consideration of $75, and on $75 per thousand boxes. After some discussion the lessee agreed to pay this consideration and price, and the notary public who witnessed the execution of the lease was requested to insert this increase in consideration and price. He inserted the increased consideration, but omitted the increased price. The lessee admits in his petition that the true price was

$75 per thousand boxes. The lease provided that the lessee "may commence boxing, working, or otherwise using the said timber for turpentine purposes, or any portion thereof, at any time that said party of the second part may desire, and shall have the right to continue to box, work, or otherwise use said timber and every portion thereof for the full term of 5 years, beginning, with reference to each portion of the timber, from the time only that the boxing and working of each portion is commenced." The lease was signed by the lessor only. Odum attached to his petition an abstract of title under which he claimed. This chain of title began with a deed dated Feb. 25, 1856, and extended to the lease under which Odum claims. One link in the chain was a deed from Thomas R. Pace to Wiley Byrd, dated Sept. 22, 1872. Another was a transfer of said deed from Wiley Byrd Sr. to Wiley Byrd Jr., to wit: "I have this day transferred the within deed, relinquishing all my claim, to Wiley Byrd Jr. This Feb. 15th, 1876. Wiley Byrd Sr. Witness W. T. Hursey, Obediah Johnson, J. P." In his petition plaintiff alleged that the defendant had driven large nails in the trees on these lands, and he could not box them without removing the nails and in many cases they could not be removed, which prevents him from working said timber; and there is no adequate remedy at law; and it is necessary for injunction to issue restraining defendant from driving any more nails in said trees, from working said timber, and from interfering with possession of plaintiff.

On Dec. 21, 1922, the lessor leased the same timber to Z. W. Kirkland for the same consideration and same price. Kirkland entered upon these lands, and began to work the same for turpentine purposes. He alleged that the lease to Odum was void on the grounds: (1) that it was entirely without consideration; (2) that it was purely an executory contract without consideration; (3) that it was unilateral and unenforceable; (4) that it was not for a term of years, but sought to establish a perpetuity; and (5) that there had been a novation in its terms since its execution, the same having been based upon a consideration of $75 per thousand boxes and having been changed to $60 per thousand boxes. He further set up that plaintiff failed and refused to work the timber for turpentine purposes for nearly three years after the lease was executed, which was an unreasonable delay by which he had for-

feited his rights under said lease; that plaintiff never-had possession of the timber described in said lease; that the lessor repudiated said lease long before the filing of plaintiff's petition, and instituted an action for its cancellation, which was pending.

On the hearing of the application for injunction it was admitted that Shellman was in possession of these lands and claimed title under the abstract attached to the petition, and that both plaintiff and defendant claimed under Shellman as a common lessor. Plaintiff introduced in evidence his lease, recorded Nov. 20, 1920. Plaintiff deposed by affidavit that prior to May 17, 1920, he and Shellman discussed the lease of this timber, and agreed, he understood, that deponent was to pay $60 per thousand boxes. He had a lease drawn to that effect, and took S. D. Dell to witness the lease, and when presented to Shellman he wanted $75 per thousand, and deponent agreed to pay that price for a 5-year lease, and gave the lease to Dell to change from $60 to $75 per thousand. Said Dell changed it in one place, and deponent thought in every place. The true price was $75 per thousand. Deponent did not work the timber during 1920, because it was against the law to do so. Shellman has never asked him to cut the timber, or for any money thereon, and he has never refused to pay therefor. He would have cut the timber had Shellman asked him to do so; it would have been easy to count the trees and ascertain the amount. He went into possession after the lease was executed, and has looked after said premises and protected the same from trespassers and fire. Defendant entered upon said land without the consent of deponent. — S. D. Dell, by affidavit, deposed that he changed the amount of the consideration in the lease and thought he made all necessary changes; and that the true price was $75 per thousand boxes.

L. B. Shellman, by affidavit in behalf of defendant, deposed that on May 17, 1920, plaintiff approached him with a view to leasing the timber for turpentine purposes, bringing a lease naming a consideration of $60 per thousand boxes, which deponent refused. Said Odum agreed to give $75, and had the other sum erased and $75 inserted in lieu thereof, and with this change deponent signed said lease. He is advised that, as recorded, said lease shows a consideration of $60 per thousand boxes, and, if changed and novated, the terms thereof have been changed and novated since he signed

said lease. It was agreed between him and plaintiff that the latter would cut or box said timber on or before Nov. 15, 1920, and the consideration of $75 would be paid at that time. The sum of $75 specified in said lease was no part of said consideration, and he did not agree to pay said sum, and has not paid it or any part thereof; the sole consideration was $75 per thousand boxes cupped or boxed on said timber. Plaintiff failed to box or cup the same on or before Nov. 15, 1920, and has not cupped or boxed any part thereof, has refused to do so, and has refused to pay deponent said consideration or any part thereof. He urged plaintiff to work said timber, to no avail. He then, upon advice of counsel, repudiated said contract with plaintiff, and entered suit for its rescission and cancellation. On Dec. 21, 1922, he leased said timber for turpentine purposes to Z. W. Kirkland. Plaintiff has never had possession of any portion of said timber.

Charlie and Willie Mobley, by affidavit, deposed for defendant: that during 1922 they worked for plaintiff, cutting boxes on lands adjoining those of L. B. Shellman. Shellman came where they were working, and, being unable to find Odum, left word with them for him that Shellman wanted Odum to box the timber on Shellman's land and pay him for the same. They delivered said message. — The defendant deposed that he was in possession of the timber on said lands, and has cupped the same for turpentine purposes so as to work same for 1923. Deponent claims same under lease by Shellman, who placed him in possession. Said timber was properly cupped by him, and only such nails were driven as was necessary to hold said cups in position. He denied that plaintiff had protested to him as to cupping said trees, or that plaintiff had ever told him he claimed any right to work said timber.

The court granted a temporary injunction, and the defendant excepted.

*John Rogers Jr.,* and *Gordon Knox,* for plaintiff in error.

*S. D. Dell,* contra.

HINES, J. (After stating the foregoing facts.)

We can not say that the trial judge abused his discretion in granting an interlocutory injunction, and in preserving the status, until the rights of the parties can be finally settled by a verdict and decree. Counsel for the defendant asserts that it was the

evident purpose of the plaintiff to bring his petition under the timber cutters' act (Civil Code (1910), § 5504) ; and that, having so laid his action and having failed to show perfect title in himself, he was not entitled to an injunction. We can not say that it was the manifest purpose of the plaintiff to proceed under that act. He does not allege in so many words that he has perfect title to the timber. He does allege that he leased the timber for turpentine purposes from the owner in fee of the lands upon which it stands; and he attaches to his petition an abstract of the title of his lessor. This chain of title does not show perfect title to the timber in the plaintiff. His petition, in the absence of an allegation of perfect title, and with an abstract of title which fails to show such perfect title, can well be construed to be framed under the general principles of equity which govern the injunction of trespasses. If the plaintiff failed to allege and prove a case under the timber cutters' act, but alleged and established one under the general principles of equity applicable to the grant of injunctive relief against trespasses, the court properly granted a temporary injunction against the defendant. Equity will enjoin a solvent trespasser from committing repeated and continuous trespasses. Where the claim of title of both parties is from a common source, and where the plaintiff's lease is the older, and is not successfully attacked for any defect or irregularity, and where the defendant, though solvent, threatens to continue to go on the land from day to day for the purpose of hacking, scraping, and removing the crude gum from the trees, equity will restrain the defendant from such recurring trespasses. *Moore v. Daugherty*, 146 *Ga.* 176 (91 S. E. 14).

But the defendant attacked the older lease of the plaintiff. Were all or any of these attacks well founded? These attacks are, that the plaintiff defaulted in the payment of the price which he was to pay per thousand boxes for the privilege of turpentining the lessor's timber; that the contract was unilateral; that the contract was an executory one without consideration; that the lease created a perpetuity; and that the lessor had rescinded the contract of lease for non-performance by the plaintiff of his covenants thereunder. The lease recites a consideration, and the fact that the consideration named was not actually paid does not render the lease void, because the lessor could sue for and recover it. *Nathans* v. *Arkwright*, 66 *Ga.* 179; *Southern Bell Tel. Co.* v.

*Harris,* 117 *Ga.* 1001 (44 S. E. 885) ; *Whidby* v. *Willis,* 151 *Ga.* 43 (105 S. E. 470). This also disposes of the attack that the lease is an executory contract without consideration. The contract is not unilateral. Both parties are bound to perform their covenants thereunder. The lease does not create a perpetuity; for if the plaintiff is not required to turpentine this timber within the period of five years, he certainly must do so within a reasonable time. *McRae* v. *Stillwell,* 111 *Ga.* 65 (36 S. E. 604, 55 L. R. A. 513), *Goette* v. *Lane,* 111 *Ga.* 400 (36 S. E. 758) ; *Shippen Lumber Co.* v. *Gates,* 136 *Ga.* 37 (70 S. E. 672). We can not say that the trial judge was required to find, under the evidence, that the lessor was entitled to rescind the contract on account of the failure of the lessee to pay the purchase-price for the right to work this timber for turpentine purposes. The payment of the purchase-money was not made a condition precedent to the exercise of this right. *Clyatt* v. *Barbour,* 111 *Ga.* 130 (36 S. E. 468). There is no provision for a termination of the right in case payment should not be made. *Florida Yellow Pine Co.* v. *Flint River Naval Stores Co.,* 140 *Ga.* 323 (78 S. E. 901) ; *Georgia Land Owners Co.* v. *Tanner,* 142 *Ga.* 693 (83 S. E. 516). Certainly the fact that the lessor had a suit pending against the plaintiff for cancellation of this lease, on the ground of his failure to pay the consideration thereof, does not constitute a rescission of the lease and a forfeiture of the plaintiff's rights thereunder prior to the determination of that suit.

We can not say that the trial judge abused his discretion in granting a temporary injunction.

*Judgment affirmed.    All the Justices concur.*