## 22273. CANNON *et al. v.* KING LUMBER COMPANY.

STEPHENS, J. Where in a petition in a suit to recover for the price of timber which it was alleged the defendants cut and did not pay for, it appeared that the plaintiffs had contracted with a third person, as the owner of the land upon which the timber was located, to purchase the timber under a written contract by which it was agreed that if the plaintiffs failed to pay the balance due on the purchase-price by a named date the contract would be null and void and the cash payment forfeited to the owner, and that the owner afterwards extended the date of the payment of the balance due on the purchase-price indefinitely and until an outstanding security deed to the land made by the owner should be cancelled, and agreed that the defendants, with whom the plaintiffs had contracted to sell the timber, should be put in possession of the timber, and the defendants were put in possession and cut and took away some of the timber, for which they did not pay the plaintiffs, and, notwithstanding the plaintiffs were ready at all times to pay to the owner the balance due on the purchase-price when the outstanding security deed should be cancelled, but had not done so, it appeared that the plaintiffs had acquired no title in the timber and therefore could not recover of the defendants, either for a breach of contract or for a trespass. *Clyatt* v. *Barbour Bros.,* 111 *Ga.* 130 (36 S. E. 468). The petition failed to set out a cause of action, and the court properly sustained the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 24, 1933.

*C. A. Christian, Robert R. Forrester,* for plaintiffs.
*James W. Harris,* for defendant.