## JOHNSON *v.* TRUITT.

1. An instrument, executed in the form of a deed, conveying "all the timber and logs suitable to be manufactured into cross-ties," on described lots, and providing that the contract shall expire after twelve months from its date, does not pass to the purchaser the absolute title to the timber described, but only a license to use it for the purpose stated, during the period specified in the contract.

2. Where such an instrument also provides that after the expiration of the time fixed in the contract, "all the timber left [on the land] is to revert" to the seller, the word "timber" will not be construed to include manufactured cross-ties.

3. Even though the purchaser might have no right, without the seller's permission, to enter upon the land, after the expiration of the time fixed in the

contract, for the purpose of removing cross-ties which were cut and left there before such time, the purchaser would not, by leaving the cross-ties on the land, lose his title thereto, and the seller would have no right to convert them to his own use.

4. The evidence demanded the verdict in the plaintiff's favor, and the court erred in granting a new trial.

Submitted January 30, — Decided March 7, 1905.

Trover.    Before Judge Carter.    City court of Baxley.    June 28, 1904.

On March 14, 1903, Truitt executed a contract in the form of a deed, in which he "granted, bargained, and sold" to Johnson, "his heirs and assigns, all the timber and logs suitable to be manufactured into cross-ties" on described lots of land.    Johnson was given all rights of ingress and egress necessary for the manufacture and removal of the cross-ties.    The instrument provided : " It is further understood and agreed that the said I. F. Johnson is to have twelve mouths from the date hereof, to manufacture said timber into cross-ties and remove the same ; and at the expiration of said time this lease expires, and all the timber left thereon is to revert to the said H. G. Truitt, his heirs and assigns."    The instrument contained also a covenant of warranty.    On the evening of the day fixed in the contract for the expiration of the right to cut cross-ties, Johnson left lying upon the land a few ties.    He sent for these ties the next day, and Truitt refused to permit him to take them, saying that the lease had expired and that the ties were his (Truitt's).    Subsequently Truitt sold them.    Johnson thereupon brought an action of trover against him, to recover the value of the ties.    The jury found for the plaintiff.    The court granted the defendant's motion for a new trial, and the plaintiff excepted.

*Thomas & Parker,* for plaintiff.

COBB, J.    There being no issue of fact involved, but the case depending entirely upon the construction of the contract between the parties, the trial judge had no discretion, and the rule that his discretion will not be controlled when it is exercised in granting a first new trial has no application.

It has been held that the effect of an instrument conveying timber is to convey the absolute title to the timber described; that this title is not affected by a stipulation as to when the tim-

ber shall be removed; and that if the grantee removes the timber after that time, he will be liable in trespass for the entry, but not for the value of the trees.　Hoit v. Stratton Mills, 54 N. H. 109. See also White v. Foster, 102. Mass. 375; Johnson v. Moore, 28 Mich. 3; Heflin v. Bingham, 56 Ala. 567.　In this State, however, the rule is that such an instrument as the one involved in this case is merely a license to cut and remove the timber for the purposes stated, during the time fixed in the contract.　Baxter v. Mattox, 106 Ga. 344; Perkins v. Peterson, 110 Ga. 24.　If no time is specified within which the timber is to be cut and removed, the grantee has "a reasonable time" within which to do so.　McRae v. Stillwell, 111 Ga. 65; Goette v. Lane, 111 Ga. 400; Patterson v. Graham, 164 Pa. St. 234.　The effect of the instrument involved in the present case was, therefore, to give Johnson a license to cut the timber into cross-ties for a period of twelve months from the date of the instrument.　At the expiration of that period the license was revoked.

Under the clause in the conveyance, "all the timber left thereon is to revert to the said H. G. Truitt, his heirs and assigns," all the trees on the land clearly were the property of Truitt after the expiration of the time fixed in the contract.　See Monroe v. Bowen, 26 Mich. 523.　It might be suggested that inasmuch as the term "timber" could embrace cross-ties (Kollock v. Parcher, 52 Wis. 393), and as the title to the trees was always in Truitt, Johnson having a mere license to use them for a definite period and for a particular purpose, the expression "timber to revert" must refer to timber the title to which had passed out of Truitt, to wit, the cross-ties.　But taking the instrument as a whole, we do not think this a fair interpretation of its meaning.　The word "timber" as used in a preceding part of the deed clearly means growing trees and logs.　The same meaning ought to be attached to it in every part of the instrument, unless the context requires a different meaning.　And words of doubtful meaning in a contract should be construed most strongly against the party executing the contract.　Civil Code, § 3675, par. 4.　Truitt may have thought that the instrument conveyed the title to the trees and logs on the land, and that it was necessary to provide that at the expiration of the period fixed in the instrument the timber, that is, the trees and logs, should revert; and as we have shown above,

such a conception of the effect of the contract would have been supported by decisions of courts of high standing. At any rate, we are clear that when the trees and logs were, during the twelve months period, manufactured into cross-ties, the title to the ties passed to Johnson absolutely and for all time.

This being so, the question arises whether he would have a right to go upon the land and remove the ties after the expiration of the time fixed in the contract. In Halstead *v.* Jessup, 150 Ind. 85, it was held: "Where by a contract of sale the purchaser of certain timber is given four years to remove it, such purchaser does not forfeit his right to remove the timber after the expiration of four years, in the absence of a forfeiture clause in the contract." In the opinion Hackney, J., said: "The law does not favor forfeitures, and will not enforce them in the absence of clearly stated conditions of forfeiture. Here, as we have said, there is no stated condition of forfeiture. If, by delay in taking the timber after the period named, damage should accrue to the owner of the land, it could not be questioned that such damage could be recovered. But it would be manifestly unjust that mere delay should forfeit both the appellant's money and his timber, and that the appellee should become the owner of the timber upon the strength of an implied forfeiture." We are inclined to think that Johnson had a right to go upon the land and remove the cross-ties after the expiration of the twelve months. But whether this be so or not, certainly Truitt could not convert to his own use Johnson's ties. One does not lose the title to his property by wrongfully leaving it on another's premises. He would be liable for any damages occasioned by his wrongful act in leaving the property on the premises of another; and might be liable in trespass for entering the other's premises for the purpose of taking possession of his property (Hoit *v.* Stratton Mills, 54 N. H. 109); but his wrongful act in leaving his property on the other's premises would not justify another wrong on the part of the owner of the premises, that is, the conversion of the property to his own use. The verdict rendered by the jury was demanded, and the court erred in granting a new trial. *Judgment reversed. All the Justices concur.*