## NORTH GEORGIA COMPANY *v.* BEBEE *et al.*

A executed and delivered his deed to B, wherein he conveyed to B, "his heirs and assigns forever," certain marked and described trees growing on a described lot of land, "with the full and unreserved right of way over and through any and all the above-described lands, or any other lands that are now or may be hereafter owned or controlled by said party of the first part, for the manufacture and removal *at any time* of any and all timber of the party of the second part on said lands, or any timber said party of the second part or his heirs may purchase elsewhere; also the right to cut and use *at any time* all timber necessary for the manufacture or removal of said timber. . . In case any damage is done to growing crops or land in the manufacturing or removing of said timber, said party of the second part is to remunerate said party of the first part for the actual loss by damage to said crops or land." *Held:* (1) that an estate in fee to the trees passed to the grantee, with an interest in the soil sufficient for their growth, though the fee in the soil remained in the grantor; (2) that the estate in the trees was not terminated and forfeited by a failure of the grantee to remove the trees in a reasonable time.

Argued April 18,—Decided July 9, 1907.

Petition for injunction. Before Judge Kimsey. Rabun superior court. September 1, 1906.

Plaintiff and defendants claim title to certain trees, by virtue of deeds from common grantors. The deeds of the defendants are of prior date, and were duly recorded before the second conveyance by the common grantor, under which the plaintiff claims title. The various deeds under which defendants claim title to the trees are identical in terms with that here set out: "This indenture, made and entered into this the seventh day of April, eighteen hundred and ninety-four, between Hiram A. Keener, of the County of Rabun and State of Georgia, party of the first part, and Henry M. Stone, of Vermont, party of the second part, witnesseth, that the party of the first part, for himself, his heirs, and assigns, for and in consideration of the sum of thirty-five dollars to him in hand paid, the receipt of which is hereby duly acknowledged, has bargained, granted, and sold, and by these presents doth grant, bargain, sell, and convey unto the party of the second part, his heirs and assigns forever, all the following described trees now growing on the following described premises, to wit: Lot number 39 and recorded in book L, page 29, first district and County of Rabun and State of Georgia; to wit: one hundred and thirty-five poplar, one ash, two cucumber, one buckeye, and one lime trees of twenty-two inches and upwards in diameter four feet above the ground, marked thus: "X," together with the full and unreserved right of way over and through any and all the above-described lands or any other lands that are now or may be hereafter owned or controlled by said party of the first part, for the manufacture or removal at any time of any and all timber of the party of the second part on said lands, or any timber said party of the second part or his heirs may purchase elsewhere; also the right to cut and use at any time all timber necessary for the manufacture or removal of said timber. In case any damage is done to growing crops or land in the manufacturing or removing of said timber, said party of the second part is to remunerate said party of the first part for the actual loss by damage to said crops or land; and the party of the first part, his heirs, executors, and administrators, the title to the timber aforesaid will forever warrant and defend to the parties of the second part, their heirs and assigns, against the lawful claims of all persons. In testimony whereof we have hereunto set our hands and seals this seventh day of April, 1894. [Signed] Hiram A. Keener (L. S.). Signed, sealed, and delivered

in the presence of James Jones, M. H. James, N. P." The defendants were cutting the trees described in these conveyances, when the plaintiff sought to enjoin them, the plaintiff contending that the time within which the defendant had to cut and remove the trees had expired. At the interlocutory hearing no evidence was submitted as to what was a reasonable time within which to cut and remove the trees. The court refused an injunction, and the plaintiff excepted.

R. E. A. *Hamby* and *Malvern Hill,* for plaintiff.

W. S. *Paris* and H. H. *Dean,* for defendants.

EVANS, J. (After stating the facts.) The rights of the parties can not be accurately and fully defined without construing the timber deed copied in full in the statement of facts. Did the grantor create an estate in the trees, with a right to so much of the soil as is necessary to nourish them; and if an estate was created, is it an unconditional estate, or an estate determinable upon the failure of the grantee to cut and remove the timber within a reasonable time? Or is it but a license to cut and remove timber? Growing trees are a part of the realty. *Balkcom* v. *Empire Lumber Co.,* 91 *Ga.* 651; *Moore* v. *Vickers,* 126 *Ga.* 42. The owner of the land may convey an estate of inheritance in the trees growing thereon, just as he may convey an inheritable estate in a part of the land. Where the owner of land grants the trees growing thereon to another and his heirs, with liberty to cut and carry them away at his pleasure forever, the grantee acquires an estate in fee in the trees, with an interest in the soil sufficient for their growth, while the fee in the soil remains in the grantor. *Baxter* v. *Mattox,* 106 *Ga.* 344. Or the owner of the land may grant an estate in the trees, determinable upon the failure of the grantee to remove the timber within the time limited by the conveyance. A limitation of this kind is upon the estate granted; and if the timber is not removed within the time prescribed in the limitation, the estate terminates. *Morgan* v. *Perkins,* 94 *Ga.* 353. Or the owner of the land may convey a right to cut and remove timber within a specified time, in which case the absolute title to the timber described does not pass to the purchaser, but only a license to use it for the purpose stated, during the period specified in the contract. *Johnson* v. *Truitt,* 122 *Ga.* 372.

A purchaser may buy growing timber with no intention of man-

ufacturing it into lumber, and hold it just as he might buy and hold land, if he so frame his contract; and in such a case he could remove the timber at his pleasure. Patterson v. Graham, 164 Pa. St. 241; Knotts v. Hydrick, 12 Rich. Law, 314; Goodwin v. Hubbard, 47 Me. 595; Magnetic Ore Co. v. Marbury Lumber Co. (Ala.), 16 Sou. 632. If one buys growing trees, and the grant thereto indicates the intent of the parties to be that the trees are not to remain on the land indefinitely, but are to be cut and removed, it is incumbent on the purchaser, or his successor in title, to cut and remove such timber within a reasonable time from the date of the conveyance; and upon failure so to do their interest in the timber ceases and determines. McRae v. Stillwell, 111 Ga. 65. The paramount consideration in the construction of every instrument conveying growing trees, with the right to cut and remove them, is the intention of the parties as contained in the writing. If that intention be a sale and purchase of the trees, to be held as land, with a perpetual right of entry to remove them, the vendor is estopped by his own grant from compelling the vendee to cut and remove the trees at his own will, or even within a reasonable time. But if the instrument reflects the intention of the parties to sell the timber, to be cut and removed within a reasonable time, the interest or estate therein conveyed terminates and becomes forfeited by a failure to cut and remove the timber according to the terms of the grant. The grant of a perpetual right of entry upon the land of another to remove the timber thereon operates so harshly and unreasonably upon the owner of the land that it should never be given this effect, unless it is plainly manifest from the terms of the deed that such was the intention of the parties. McRae v. Stillwell, supra.

It will be observed from the reading of the deed appearing in the statement of facts that the grant of the estate in the trees is absolute and unconditional; it is to the "party of the second part, his heirs and assigns forever." There is annexed to the grant the full and unreserved right of way over all the lands of the grantor, now owned or which may be subsequently owned, for the manufacture and removal, at any time, of the timber purchased. The grantor further covenants that the grantee shall have the right to cut and use at any time all of the grantor's timber necessary for the manufacture and removal of the trees sold. There is a stipu-

lation that if any damage is done to growing crops or land in the manufacturing or removing of the timber, the grantee is to remunerate the grantor for the actual loss sustained. The deed concludes with a warranty of title to the timber. These various privileges granted to the vendee would seem rather to be a recognition of the grant of an unconditional estate in the trees, than a limitation upon the estate. The grantee's right of entry for the purpose of manufacturing or removing the timber was not limited, but the privilege was indefinite; or, to use the words of the grantor, he could exercise this right "at any time." Likewise the grantee was not in any manner restricted to the time in which he could use other timber belonging to the grantor necessary to manufacture and remove the trees purchased from the grantor's land. If it be possible to frame a conveyance creating an estate in trees with a perpetual right of entry to cut and remove them from the land, this deed has that effect. It may bear harshly upon the owner of the soil, but as it was competent for him to make such a contract as this, he must abide the consequences of his own deed. The various timber deeds relied upon by the defendants as establishing their rights to the timber were properly executed and duly recorded. The plaintiff and those under whom it claims, therefore, bought with notice of the defendants' interest and estate in the trees; and the title acquired by them is subservient to the estate previously granted in the trees. The court, therefore, did not err, in refusing the injunction.

*Judgment affirmed. All the Justices concur.*