## LOTT, administratrix, *v.* DENTON.

Under the evidence and the pleadings the court did not err in granting the interlocutory injunction.

JANUARY 11, 1917.

Injunction. Before Judge Summerall. Coffee superior court. February 18, 1916.

*Lankford & Moore,* for plaintiff in error.

*L. E. Heath* and *Dickerson & Kelley,* contra.

BECK, J. Mrs. N. E. Denton filed her petition against Mrs. M. O. Lott as administratrix of Warren Lott, deceased, seeking an injunction to prevent the defendant from entering upon certain lands and cutting and boxing the timber thereon for turpentine. The defendant resisted the application for an injunction, contending that, under the terms of a certain lease of which her intestate was the transferee, she had the right to enter upon the lands and cut and box the timber. The court granted an interlocutory injunction, and the defendant excepted.

As ruled in the headnote, the court did not err in granting the interlocutory injunction. In the lease referred to it was stipulated that the lessees, their heirs and assigns, should have the right to enter upon and use the lands in controversy for the purpose of boxing the timber thereon for turpentine purposes during the continuance of the lease; and it was stipulated that the lessees or their assigns could commence boxing or using the timber or any portion thereof for turpentine purposes at any time they might desire to do so, and that they should have the right to continue to work the timber and every portion thereof for the purposes specified for the term of three years, "beginning, with reference to each portion of the timber, from the time only that the boxing and working of each portion is commenced; it being the intention of the parties that this lease shall continue until all of the timber, and each and every part thereof, has been boxed, worked, and otherwise used for turpentine purposes for the full period of three years."

We are of the opinion that this lease should be construed to require the lessees or grantees, in order to enjoy the rights conferred, to enter upon the lands and commence the working thereof within a reasonable time. It is true that the lease provides in terms that the lessees may enter upon the work when they desire; but we think

˙the law will write into such a lease that this shall be within a reasonable time. In the lease which was construed in the decision in the case of *Goetle* v. *Lane,* 111 *Ga.* 400 (36 S. E. 758), the words, "at any time in reason," were expressed in the instrument itself; but we do not think that such a lease as that in the case referred to, or in the present case, though it is not expressly provided therein that the work shall commence at any time in reason, could be construed to mean, in the absence of those terms, that the lessees might enter upon the work of boxing the timber for turpentine purposes at any time not "in reason;" and so far as relates to the time at which the lessees should begin to exercise the privileges conferred, the lease is the same whether it has in it or omits the expression "at any time in reason." The title to the timber involved in this lease was not conveyed, but the lease grants a license to use the timber for the purposes stipulated. *Johnson* v. *Truitt,* 122 *Ga.* 327 (50 S. E. 135). In the case of *North Georgia Co.* v. *Bebee,* 128 *Ga.* 563 (57 S. E. 873), this court was dealing, in the opinion delivered by Presiding Justice Evans, with an instrument which was a deed of conveyance and under which an estate in fee to the trees passed; and the ruling there made, that the estate in the trees was not terminated and forfeited by the failure of the grantee to remove the trees within a reasonable time, is not applicable to the present case.

Upon application of the ruling which we have made to the facts in the case, the court did not err in granting the injunction.

*Judgment affirmed. All the Justices concur.*