18424. LOVELACE-EUBANKS LUMBER COMPANY *v.* BROWN.

BELL, J. B. F. Brown, the owner of certain realty, entered upon the following written agreement with J. P. Carlton: "We, B. F. Brown, party of the first part, sold to J. P. Carlton, party of the second part, the western side of pine thicket, supposed to be 100,000 more or less, at $5.50 per M. on the stump. Party of the second part to pay for lumber as soon as sawed, and before moving same. B. F. Brown party of the first part agrees to cut timber and log the mill at $3.00 per thousand." *Held:*

1. While it has been held that standing timber is to be regarded as realty (*Moore* v. *Vickers*, 126 *Ga.* 42, 64 S. E. 814), "a contract of sale in regard to timber which is attached to the soil, but which is presently to be severed therefrom and converted into personalty before the title is to pass to the purchaser, is an executory sale of personalty, and not of an interest in land." *Clarke* v. *McNatt*, 132 *Ga.* 610 (3) (64 S. E. 795, 26 L. R. A. (N. S.) 585). Accordingly, the contract quoted is to be construed as an executory agreement whereby Brown agrees to surrender possession and title to the timber to Carlton upon its being converted into lumber by the latter and paid for at the agreed price per thousand feet. Possession not having been surrendered by Brown, the provisions of sections 3318 and 3319 of the Civil Code (1910), relative

to the record of conditional bills of sale of property sold and delivered, do not have application, and a purchaser from Carlton would not acquire a good title to the lumber as against Brown by reason of the fact that the contract set forth had not been recorded as required by the statutes indicated.

2. Where the owner of certain land and timber enters into a contract with another whereby the executory purchaser is obligated to convert the timber into lumber and pay for it at a named price per thousand feet as a condition precedent to his acquiring either possession or title' thereto, the fact that the executory purchaser enters upon the premises and proceeds in the work of converting the timber into lumber does not clothe him with indicia of title such as, according to the custom of trade or common understanding, would import the right and authority to sell the lumber as against the rights and title of the true owner.

3. In accordance with the principles of law set forth above, a verdict in favor of the defendant owner of the premises in a contest over the title to the lumber was demanded, and the judge of the superior court did not err in granting a new trial.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 22, 1928.

*Clement E. Sutton,* for plaintiff.
*Colley & Wynne, W. A. Slaton,* for defendant.