TREISCH *v.* DOSTER *et al.*

No. 7879. DECEMBER 9, 1930.

*Lawson & Ware,* for plaintiff. *Hal Lawson,* for defendants.

GILBERT, J. The plaintiff, Treisch, filed a petition against the defendants, the substance of which was that the plaintiff, owner of a tract of timber lands, executed a lease, under the terms of which he sold and conveyed, for a period of four years, to P. E. Doster, who subsequently assigned the lease to J. E. Holt, all timber upon a described tract of land "for the purpose of boxing, working, and otherwise using said timber for turpentine purposes." · The lease contained the further clause: "It is agreed not to cut streaks closer than three inches." The petition alleges that the defendants have breached the last-named provision of the contract, in that they have cut streaks closer than three inches; that 2010 of the trees have been injured and become weakened, and 1300 of the trees have died because of the faulty working of the same; that the trees which have died will damage other trees in falling and in causing worms to attack standing trees; and that the defendants have also committed waste by "chipping" a large number of trees deeper than is necessary or good husbandry or ordinary discretion required. The prayers are, that because of the waste the lease be forfeited; that defendants be restrained by injunction from committing further waste; that plaintiff have judgment for damages in such amount as the court may fix; and for general relief and process. The defendant demurred and answered, and the case was submitted to the judge of the superior court without the intervention of a jury. There was no express ruling on the demurrers. The exception is to the following judgment: "It is considered, ordered, and adjudged that the defendants, P. E. Doster and J. E. Holt, be and they are hereby restrained from further cutting streaks closer than three inches, as provided in said contract. The court is of

the opinion to restrain the defendants from working the trees where the streaks have already been made closer than three inches would be declaring a forfeiture as to said trees on account of waste, and for this reason said defendants are not enjoined."

The evidence, without contradiction, showed that on a large number of trees the defendants had violated the express terms of the contract, in that "streaks" were cut closer than three inches; that a large number of the trees had died. As to the exact cause of the death of such trees the evidence was conflicting. The court was authorized to find that a portion, at least, of the trees died because the streaks were cut closer than three inches. The plaintiff in error assumes that the lease contract conveyed an interest in land, as contemplated in the Civil Code (1910), § 3687; and that, under the undisputed evidence of the violation of the contract in the manner specified above, the court erred in not granting an injunction against the defendants, forfeiting the lease for waste. The court did not err. The contract is a mere license, and not a conveyance of title to land. The trees were not conveyed except for turpentine purposes. *Johnson* v. *Truitt*, 122 *Ga.* 327 (50 S. E. 135) ; *Loll* v. *Denlon*, 146 *Ga.* 363, 364 (91 S. E. 112). Since the lease contract was not a conveyance of an interest in land, it can not be forfeited for waste. The code only provides for such forfeiture in two instances: in life-estates (§ 3666), and an estate for years (§ 3687). *Warlick* v. *Great Atlantic & Pacific Tea Co.*, 170 *Ga.* 538 (153 S. E. 420). Injunction is the proper remedy to prevent the threatened injury. In this case the judgment rendered protects the plaintiff from threatened injury.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurring specially. I concur doubtfully in the judgment in this case. I am of the opinion that the result reached is correct, by reason of the fact that the action is based upon alleged waste; and the authorities, those cited and others which I have investigated, are to the effect that waste on the part of a tenant can not properly be the subject of injunction, but only affords redress in damages. However, in view of the vast importance of the question presented, and the fact that, so far as I can find, the determination of whether a court of equity could not find that the lease had been forfeited and should not have enjoined the tenant or the owner of the timber lease from any further action

on the premises, as the court could enjoin a trespasser, is one which has not been decided, it would seem that under the facts related the petitioner in this case has a good cause of action, but not one which is authorized in the present state of the pleadings.