21543. Massee & Felton Lumber Company *v.* Macon Cooperage Company.

Jenkins, P. J. 1. An instrument in the form of a deed, which recites that the grantor therein has "granted, bargained, sold, aliened, conveyed and confirmed" unto the grantee all the merchantable timber of specified sizes on a described tract of land, but which requires the grantee to pay only for timber actually cut, and provides that the rights and privileges conveyed shall exist for a term of two years, but that the grantee shall have the privilege of renewal for another two years on the payment of a specified sum, and further provides that on the failure of the grantee to make settlements monthly for timber cut, or on his violating a provision of the instrument requiring him to cut all timber of the sizes specified from any part of the premises upon which operations are begun, and not to select the better timber, the grantor may at its option stop further cutting of timber, construed according to the manifest purpose and intent of the parties, does not pass to the grantee the absolute title to the timber described, but is only a license to use it for the purpose stated during the period specified in the contract. *Johnson* v. *Truitt*, 122 *Ga.* 327 (50 S. E. 135). And see *Lott* v. *Denton*, 146 *Ga.* 363, 364 (91 S. E. 112); *Treisch* v. *Doster*, 171 *Ga.* 525 (156 S. E. 231); *Harrell* v. *Williams*, 159 *Ga.* 230, 235 (125 S. E. 452). The instant case is distinguishable from *Camp* v. *Horton*, 131 *Ga.* 793 (63 S. E. 351), and *Jones* v. *Graham*, 141 *Ga.* 60 (80 S. E. 7), in that in each of those cases the instrument construed as a conveyance of timber recited a gross consideration for the entire timber conveyed, whereas in the instant case the amount to be paid was governed by the amount of timber cut, and the right of the grantor to stop operations at any time in the event of a violation by the grantee of certain terms of the instrument was retained. The amount recited in the instrument as being paid in part consideration of the privileges granted was, by the terms of the instrument itself, a mere deposit by the grantee as security for his faithful performance of the contract, and was in no sense paid as the purchase-price for the timber. Accordingly, in the instant case, the grantor named in the instrument referred to did not, by reason of such conveyance, part with title to the timber growing on its premises so as to preclude a suit for damages against a third person trespassing thereon and cutting the timber.

2. Where a corporation contracts with an individual exercising an independent employment, for him to do a work not in itself unlawful or attended with danger to others, such work to be done according to the contractor's own methods and not subject to the employer's control or orders, except as to results to be obtained, the employer is not liable for the wrongful or negligent acts of the independent contractor or of his servants. Civil Code (1910), § 4414; *Atlanta & Fla. R. Co.* v. *Kimberly*, 87 *Ga.* 161 (13 S. E. 277, 27 Am. St. R. 231) ; *Fulton County Street R. Co.* v. *McConnell*, 87 *Ga.* 756 (13 S. E. 828) ; *Ridgeway* v. *Downing Co.*, 109 *Ga.* 591 (34 S. E. 1028) ; *Quinan* v. *Standard Fuel Co.*, 25 *Ga. App.* 47 (102 S. E. 543). The test to be applied in determining the relationship of the parties under the contract lies in whether the contract gives, or the employer assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract. *Zurich General Accident & Liability Ins. Co.* v. *Lee*, 36 *Ga. App.* 248 (136 S. E. 173) ; *Irving* v. *Home Accident Ins. Co.*, 36 *Ga. App.* 551 (137 S. E. 105).

3. Under the Georgia statute and decisions, an employer is not liable for torts committed by an independent contractor, unless the work is in itself unlawful or attended with danger to others, or the wrongful act consists in the violation of a duty imposed by the employer, or is in violation of a duty imposed by statute, or the employer interferes and assumes control so as to create the relation of master and servant, or ratifies the unauthorized wrong of the independent contractor. Civil Code (1910), §§ 4414, 4415.

4. In the instant case it appears, without dispute, that the person who actually committed the trespass upon the premises of the plaintiff and actually cut therefrom certain timber was an independent contractor employed by the defendant for the purpose of cutting the defendant's own timber on an adjoining tract of land, and was responsible to the defendant only for results, being paid by the piece for the work done and employing his own labor and using his own machinery. The action of the defendant's secretary and treasurer, when informed that the independent contractor engaged in cutting the defendant's timber had trespassed over the line and into the plaintiff's land, and was there cutting timber, in stating that he would "stop" the contractor from so doing, could not be taken as an acknowledgment that the relation of master and servant existed between the defendant and the contractor, nor did it amount to a ratification of the trespass committed by the contractor, since there is no proof going to show that the defendant ever received any portion of the timber cut on the plaintiff's land.

5. Under the foregoing rulings, the court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided January 15, 1932.

*Hall, Grice & Bloch, Ellsworth Hall Jr.*, for plaintiff in error.
*Brock, Sparks & Russell, L. D. Moore*, contra.