**UNITED STATES v. 1,070 ACRES OF LAND, IN HOUSTON COUNTY, GA., et al. (BROWN BROS., Interveners).**

Civil Action No. 179.

District Court, M. D. Georgia,
Macon Division.

Oct. 25, 1943.

T. Hoyt Davis, U. S. Atty., of Macon, Ga., H. G. Rawls, Sp. Atty., Dept. of Justice, of Albany, Ga., Roger P. Marquis and Irwin D. Shapiro, Attys., Dept. of Justice, both of Washington, D. C., and Henry S. Barnes and Chas. W. Walker, Asst. U. S. Attys., both of Macon, Ga., for petitioner.

Carlisle & Bootle, of Macon, Ga. (Wm. A. Bootle, of Macon, Ga., of counsel), for defendant Brown Bros.

DEAVER, District Judge.

The United States filed a petition to condemn the Newberry tract of land, and took possession under the Second War Powers Act, 50 U.S.C.A. Appendix § 631 et seq.

Brown Bros. came into the case by what is called an intervention and set up a contract with Newberry and allege that under said contract they own such an interest as should be paid for in the condemnation proceeding.

The contract purports to convey all the sand and gravel suitable for mining and marketing purposes, located on a certain farm and adjacent to a pond on said farm. The purchasers agree to pay eight cents per cubic yard for the use and privilege of said sand and gravel, and agree to pay said amount for every cubic yard mined and removed from said premises, and agree to make payments once a month for all sand and gravel mined and removed from the premises during the preceding month. Upon failure of purchasers to make said payments, the seller has the option to cancel the contract. The purchasers are to have free use and enjoyment of said sand and gravel for the purposes aforesaid for three years. They are to have the right of ingress and egress and the right to erect buildings and install machinery, all of which are to remain personalty and be removable by the purchasers. They are also to have certain water rights. They have the option to cancel the contract by giving 30 days written notice.

■ 1. The contract is void for failure to describe any particular property. The description, in substance, is sand located on a certain farm adjacent to a pond on said farm. Sand "adjacent" to a pond is too indefinite.

■ 2. Even if the description were sufficient, the contract amounts only to an executory sale of personalty, coupled with an incidental license to dig and remove the sand. Pope v. Barnett, 45 Ga.App. 59, 163 S.E. 517; Lovelace-Eubanks Lumber Co., 38 Ga.App. 223, 143 S.E. 434; Clarke Brothers v. McNatt, 132 Ga. 610, 64 S.E. 795, 26 L.R.A.,N.S., 585; Graham v. West, 126 Ga. 624, 55 S.E. 931.

The subject matter of the sale was sand. It was to be paid for and title was to pass after its removal. The license to enter etc. was not a part of the subject matter of sale and was not the thing that was to be paid for. In Neal Lumber & Mfg. Co. v. O'Neal, 175 Ga. 883, 890, 166 S.E. 647, the contract conveyed an estate in trees and timber with full license to cut and remove, but the court said the license did not add to the subject-matter of the conveyance. In fact, such license would exist even if it was not mentioned in the contract. In Shippen Bros. Lbr. Co. v. Gates, 136 Ga. 37, 41, 70 S.E. 672, 674, the court said: "The deed did not in express terms mention the right to construct roads and destroy timber for the purpose of ingress and egress in removing the timber; but in so far as these things were necessary in order to enable the grantee to cut and remove the trees, the right to do them passed under the deed as an incident to the right to the trees".

■ When the right to the subject matter of the conveyance is terminated, the license to enter is gone with it. See McRae v. Stillwell, Millen & Co., 111 Ga. 65, 70, 36 S.E. 604, 55 L.R.A. 513.

■ 3. When the United States in the exercise of a legal right takes the subject matter of an executory sale, the contract is at an end. Tipler, etc., Co. v. Forrest, etc., Co., 148 Ark. 132, 229 S.W. 17; Roxford Knitting Co. v. Moore & Tierney, Inc., 2 Cir., 265 F. 177, 11 A.L.R. 1415; Corona Coal Co. v. Davis, 5 Cir., 20 F.2d 738; Omnia Commercial Co. v. United States, 261 U.S. 502, 43 S.Ct. 437, 67 L.Ed. 773; Mullen Benevolent Corp. v. United States, 290 U.S. 89, 94, 54 S.Ct. 38, 78 L.Ed. 192.

The government did not take over the contract in this case for the purpose of substituting itself for Newberry and requiring Brown Bros. to perform the contract for the benefit of the government. It follows that when the government took the property title to which was in Newberry, performance by Newberry was excused and Brown Bros. had nothing to be paid for in the condemnation proceeding.

4. Whether, after the property was taken and the contract was ended, the government by any authorized agent made any promises or conducted itself in any way which would create a legal liability to Brown Bros., it is not necessary to decide because, even so, such liability could not be adjudicated in the condemnation proceeding. See Bothwell v. United States, 254 U.S. 231, 41 S.Ct. 74, 65 L.Ed. 238; Kanakanui v. United States, 9 Cir., 244 F. 923, 926; United States v. Boston, C. C. & N. Y. Canal Co., 1 Cir., 271 F. 877, 899; United States v. Shingle, 9 Cir., 91 F.2d 85, 89; John Ii Estate, Ltd., 9 Cir., 91 F.2d 93, 94; Carlisle v. Cooper, 2 Cir., 64 F. 472; Danforth v. United States, 308 U.S. 271, 282, 60 S.Ct. 231, 84 L.Ed. 240; United States v. Nipissing Mines Co., 2 Cir., 206 F. 431; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.

5. The above disposes of the case but it might be worth while to discuss some of the numerous authorities dealing with somewhat similar contracts.

The right to profits, denominated profits a prendre, consists of a right to take a part of the soil or product of the land of another in which there is supposable value; the right of taking soil, gravel, minerals and the like from the land of another. It must be created by grant and not by parol. The right is distinguishable from a license, with respect to real property, and where an instrument grants a right to take soil or other product of the land, even though it is called a license, it constitutes a profit a prendre. 28 C.J.S., Easements, § 3, pages 631, 633.

In case of a right to take soil or timber as a profit a prendre, it is the right to take which is bought and sold. The consideration is paid for the right to take. It is immaterial how much or how little is taken, if within the limits of the contract, and it is immaterial what disposition is made of the product after it is taken. The consideration is not increased by the quantity taken and is not conditional upon the passing of title.

An example is the right reserved to take fish from waters of land conveyed. It is an interest or estate in the land and is distinguished from a pure easement, which is a right or interest without profit. Bosworth v. Nelson, 170 Ga. 279, 152 S.E. 575;

see Jones v. Trulock, 172 Ga. 558, 158 S.E. 326.

Where the owner of two lots leased one for a filling station and in the contract granted the right to remove soil from the other lot to "fill in" the leased lot, the right was one to profit a prendre and existed only for a reasonable time. The consideration was for the right and not for the dirt. Moxley v. Adams, 190 Ga. 164, 8 S.E.2d 525.

In La Rowe v. McGee, 171 Ga. 771, 775, 156 S.E. 591, the court said that a lease of the right to take sand in its natural condition is a sale of the sand as realty and must be in writing. The court said that the sand in that case was not necessarily sold as personalty, as was the case in Graham v. West, 126 Ga. 624, 55 S.E. 931. The consideration was paid for the right to take without regard to the amount of sand, the title to it, or the use to be made of it. The so-called lease was probably a right to profits a prendre, which would be an interest in land and which would have to be conveyed by written instrument.

Grantor reserving sand had title to sand defeasible upon failure to remove in reasonable time. Grant v. Haymes, 164 Ga. 371, 138 S.E. 892.

In Treisch v. Doster, 171 Ga. 525, 156 S.E. 231, it was held that a conveyance of trees for four years for turpentine purposes was a mere license and passed no interest in realty. The same in Lott v. Denton, 146 Ga. 363, 91 S.E. 112. Also, a deed to timber and logs to be manufactured into cross ties for 12 months created a mere license and passed no title to timber. Johnson v. Truitt, 122 Ga. 327, 50 S.E. 135. Also, in Lufburrow v. Everett, 113 Ga. 1054, 39 S.E. 436, 437, where timber was conveyed, for a gross consideration, for the purpose of cutting, it was held that grantee had only a reasonable time to cut it. The court said that the grantee "purchased only the right to cut".

Other cases hold that, where the parties so intended, a sale of timber to be cut and removed conveys not a mere license but an estate in the trees, determinable upon failure to cut and remove the timber within the time specified or within a reasonable time, if no time is specified. Warren v. Ash, 129 Ga. 329, 58 S.E. 858; Shippen Bros. Lumber Co. v. Gates, 136 Ga. 37, 70 S. E. 672; Jones v. Graham, 141 Ga. 60, 80 S.E. 7; McRae v. Stillwell, Millen & Co., 111 Ga. 65, 36 S.E. 604, 55 L.R.A. 513;

Neal Lumber & Mfg. Co. v. O'Neal, 175 Ga. 883, 890, 166 S.E. 647.

In North Georgia Co. v. Bebee, 128 Ga. 563, 565, 57 S.E. 873, the court discusses contracts which convey (1) unconditional estates in timber, (2) estates determinable upon failure to cut and remove within reasonable time, (3) licenses to cut and remove timber.

Deed to kaolin and clay properties with right to enter and mine until kaolin and clay properties are exhausted, conveys right to mine and exhaust, determinable upon failure to do so within reasonable time. McCaw v. Nelson, 168 Ga. 202, 147 S.E. 364.

In Brooke v. Dellinger, 193 Ga. 66, 17 S.E.2d 178, a deed to minerals was construed to convey a fee simple title.

A parol license with expense incurred becomes an easement. Ga.Code, § 85-1404. See Smith v. Fischer, 59 Ga.App. 791, 1 S.E.2d 684, 2 S.E.2d 156, as to parol license to remove and use rock. In such case the licensor is estopped to revoke the license. Bosworth v. Nelson, 170 Ga. 279(2), 152 S. E. 575. See, also, Waters v. Baker, 190 Ga. 186, 8 S.E.2d 637.

There are three cases which may need special attention. One of them is Palmer Brick Co. v. Woodward, 138 Ga. 289, 75 S.E. 480, 481. In that case a contract granted to grantees a right for 20 years to take from land such amount of dirt and clay "as they may see proper", and to erect a brick yard and such buildings, roads, ditches, etc. as may be necessary to carry on the business of making brick "in such quantities as to them may seem proper". "For the rights and privileges above granted" the grantee was to pay a royalty of 12½¢ per thousand for brick manufactured, payments to be made as follows, $250 cash and $100 on the first day of each month; but on the first day of January of each year grantor shall account for any overpayment and grantee for any deficit on the basis of 12½¢ per thousand brick.

■ Probably the better view in that case is expressed in the dissenting opinion. However, the majority held that reasonable diligence in taking clay and operating the plant would be implied, and, while the court seemed to think it necessary so to hold in order to prevent the contract from being unilateral, it proceeded to give the contract a construction which would not bind the grantee to take any clay. The effect of the decision is to hold that the contract was an alternative contract under which grantee had the option either to take clay or to pay $100 a month, in addition to $250 down payment, if grantee elected not to take clay. If clay was actually taken, then there was to be an accounting and if clay was not taken, then the other alternative of the contract would become operative. Under the contract as construed by the court there was, of course, no executory sale of clay as personalty because, in the opinion of the court, the thing that was granted was the right to take clay and for that right the grantee paid $250 cash and was to pay an additional sum, depending upon whether the right to take clay was actually exercised or not. In fact, the grantee after a time, elected not to take clay and the court held the grantee liable for $100 unconditionally without any right to have an accounting. The court held that a grant of a right to take clay for 20 years for a valuable consideration was a lease. Where the thing bought and paid for is the right to take clay, it is an interest in the land whether it is called a lease or a right to profits a prendre. That case does not militate against the numerous decisions of the Georgia appellate courts holding that a contract for the sale of a part of the realty, which is to be severed before it is to be paid for and before title to it passes is an executory sale of personalty.

Another case is Harrell v. Williams & Sons, 159 Ga. 230, 125 S.E. 452. In that case the owner of timber agreed to sell it for $1.50 a thousand feet and the purchaser paid $50 cash and was to pay the balance as the timber was cut at $1.50 a thousand. The court held that the contract granted an irrevocable license to cut and remove the timber within a reasonable time. Except for the payment of $50, it is difficult to see why this was not an executory sale of lumber. In that case, however, the question was not whether the contract was a license or an executory sale of personalty. Inasmuch as diligence in cutting and removing is implied (Dyal v. Wimbish, 5 Cir., 124 F.2d 464 (5); Palmer Brick Co. v. Woodward, 138 Ga. 289, 75 S.E. 480), the contract was not unilateral and was binding on both parties. The right, whether created by license or executory sale, had to be exercised within a reasonable time. In either event, the grantor was bound to permit the cutting and removal for that time. In either event, the result of that case would have been the same.

The third case is Massee & Felton Lumber Co. v. Macon Cooperage Co., 44 Ga. App. 590, 162 S.E. 396. There the grantor sold the merchantable timber on a tract of land but grantee was required to pay only for timber actually cut. The contract provided that upon failure by grantee to make monthly payments for timber cut, grantor might stop further cutting. The court held that the deed did not pass title to the timber but was only a license to use it for the purpose stated.

The question in that case was whether grantor had title to the timber so as to be able to maintain a suit against a stranger for trespass on the timber. The court said title did not pass out of grantor and it was not necessary to say whether the deed granted a license or was an executory sale. If the question had been before the court, it is entirely probable that the contract would have been held to be one of executory sale.

However, if the numerous cases in which the right to cut and remove was purchased for a gross consideration are correct in holding the right to be a mere license, not passing any interest in the timber, then the frustration cases would apply. In such a case, even though the license may be irrevocable, still if the government in the exercise of a legal right takes the subject matter of the license, the contract is ended because impossible of performance.