WHITEHEAD, Tax Commissioner, *v.* KENNEDY.

No. 17038.   APRIL 10, 1950.

*Edwin A. Rogers,* for plaintiff in error.

*R. D. Smith,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Code § 92-101 provides: "All real and personal property, whether owned by individuals or corporations, resident or nonresident, shall be liable to taxation, except as otherwise provided by law." Section 92-104 provides: "All persons owning any mineral or timber interests, or any other interest in or claim to land less than the fee shall return the same for taxation and pay taxes on the same as on other property; and any person failing to comply with the requirements of this section shall be proceeded against as a defaulting taxpayer." If the turpentine leases in question convey an interest in land, they are taxable, otherwise, under the agreed facts, they are not. These leases conveyed the right for a period of four years to cut and box pine trees on described premises, for the purpose of extracting gum to be distilled into turpentine. Under these contracts, neither the title to the land nor to the timber is conveyed, and therefore the lessee acquired no interest in land, but merely the right to use it for the purposes stipulated. See *Johnson* v. *Truitt,* 122 *Ga.* 327 (1) (50 S. E. 135); *Lott* v. *Denton,* 146 *Ga.* 363 (91 S. E. 112); *Treisch* v. *Doster,* 171 *Ga.* 525 (156 S. E. 231). The lessee has only a usufruct with no interest in the land. The facts here are different from those in *North Georgia Co.* v. *Bebee,* 128 *Ga.* 563 (57 S. E. 873), and similar cases, where title to growing trees was conveyed.

Accordingly, the trial judge did not err in granting the injunction.

*Judgment affirmed. All the Justices concur.*