22358.   HENSON, Tax Assessor, et al. v.
AIRWAYS SERVICE, INC.

SUBMITTED FEBRUARY 11, 1964—DECIDED APRIL 13, 1964—
REHEARING DENIED MAY 19, 1964.

48

*Harold Sheats, J. C. Murphy, Lewis R. Slaton,* for plaintiffs in error.

*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr.,* contra.

*Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland, Jr., Ernest J. Bondurant,* for party at interest not party to record.

HEAD, Presiding Justice. ■ The omission of the word "Tax" following the name of Jack L. Camp and preceding the word "Commissioner" where the defendants are named in the petition would not render it subject to general demurrer. The law requires that all civil officers of a county be commissioned by the Governor. *Code* § 89-202. "The courts of this State are bound to take judicial notice of who are the public officers of the State holding under commissions issued by the Governor." *Bailey v. McAlpin,* 122 Ga. 616, 619 (50 SE 388) ; *Powell v. Hansard,* 206 Ga. 505, 509 (57 SE2d 677). Under the law of this State this court knows judicially that Jack L. Camp is the Tax Commissioner of Fulton County.

■ Counsel for the parties have not cited any case in point on its facts with the present case, and our search has not revealed such a case. The contract must, therefore, be construed to determine the intention of the parties. "The cardinal rule of construction is to ascertain the intention of the parties." *Code* § 20-702; *Asa G. Candler, Inc. v. Georgia Theater Co.,* 148 Ga. 188 (4) (96 SE 226, LRA 1918F 389) ; *Hartsfield Co. v. Shoaf,* 184 Ga. 378, 381 (191 SE 693) ; *Brown v. Farkas,* 195 Ga. 653 (2) (25 SE2d 411).

The contract is headed "Lease and Concession Agreement." The term "lease" without more could be construed to indicate that the city had granted an estate for years to the plaintiff (defendant in error here). *Code* § 85-806. The word "concession" means "a grant by a government of land, or property, or of *a right to use land or property for some specified purpose,* . . . [italics ours]." Webster's New Int. Dictionary, 2d Ed., p. 553. Black's Law Dictionary, 3d Ed., p. 385, defines the word

■

"concession" as "a grant; ordinarily applied to the grant of specific privileges by a government; . . ."

After reciting the date and the names of the parties the contract recites that the lessor (the city) "is now in the process of constructing a new terminal building and related facilities at the Atlanta Airport, . . . and proposes to furnish the facilities and services customarily furnished at and in connection with similar airport terminals; and whereas, lessee has offered to provide valet parking operations and service station services and auto repair services at said terminal; etc." These provisions of the contract alone are not conclusive as to the intention of the parties. Considering them, however, with the terms, limitations, restrictions, and conditions of the contract (as shown by our statement of its recitals), it is clear that under the contract the plaintiff was granted a limited and restricted use of the premises pursuant to the proposal of the city to furnish such "facilities and services" customarily furnished at similar airport terminals.

Counsel for the taxing authorities of Fulton County (plaintiff in error here) state in their brief that the present case is clearly controlled by the decisions of this court in *Conley Housing Corp. v. Coleman*, 211 Ga. 835 (89 SE2d 482); and *Delta Air Lines, Inc. v. Coleman*, 219 Ga. 12 (131 SE2d 768). Under the contract between the City of Atlanta and Delta Air Lines, Inc., (as shown by the copy in the record in the *Delta Air Lines* case), Delta acquired under lease for 30 years certain, with right of renewal for 20 years, 50 acres of land "for such uses and purposes as are a part of or incident to the operation of its business of operating a transportation system by aircraft." In acquiring the land described in the lease from the city, Delta acquired the unquestioned dominion and control of the land for the operation of its transportation system by aircraft. The lease did not purport to vest in the city any right of limitation in the use of the land by Delta for the purposes set forth, nor did the city purport to retain any control over the operation of the transportation system by aircraft of Delta. The interest of Delta in the land was a leasehold estate for years. In writing the opinion for this court Mr. Justice Candler (at page 16) stated: "In this State there can be several separate and distinct estates in the same

parcel of land, and *Code* § 92-104 requires the owner of any estate in land less than the fee to return it for taxes and pay taxes on it as on other property. A leasehold is an estate in land less than the fee; it is severed from the fee and classified for tax purposes as realty." In construing the word "estate" Mr. Justice Candler was giving it the meaning fixed by the law of this State in *Code* § 85-104, where the word "estate" is defined as "the quantity of interest which an owner has in property." Delta had acquired and owned the right to operate its transportation system by aircraft without interference, dominion, or control by the city, and the *Delta* case is clearly not in point on its facts with the present case.

In *Conley Housing Corp. v. Coleman,* 211 Ga. 835, supra, it was determined by this court that the buildings upon the land in question were privately owned, and in the *Conley* case it was said in part (p. 838): "There can be no denial that the property sought to be taxed is private property. Nor can it be denied that it is personalty and not realty, in view of the terms of the lease that title to all improvements shall be in the lessee and authorizing the lessee to mortgage them and remove them from the lands before a termination of the lease." Certainly counsel for the taxing authorities do not intend to insist that the buildings located upon the land in the present case are private property since the contract between the parties clearly and distinctly stipulates that upon the completion of the construction of the buildings by the plaintiff title to the property shall vest immediately in the city. The *Conley* case is not in point on its facts and the present case is not controlled by the *Conley* case.

Counsel for the taxing authorities also cite *State of Georgia v. Davison,* 198 Ga. 27 (31 SE2d 225). While this decision was by a divided court and would not be binding, it is not in point on its facts and is not authority to sustain a tax assessment against the plaintiff in the present case. In the *Davison* case the lessees obtained an interest for 99 years, with the right to sell and convey the same, and it is clear under the facts of the *Davison* case that the lessee obtained absolute dominion and control over the leased property. In the present case the plaintiff did not acquire dominion over any of the lands, nor can it transfer its limited use of the lands.

We are not unmindful of the language in *Lowery v. Powell*, 109 Ga. 192, 194 (34 SE 296), where this court stated: "An estate is defined by Anderson, to be 'the quantity of interest which a person has, from absolute ownership down to naked possession'." This statement in the *Lowery* case was not related to any question of taxes, and was not necessary to a decision in the case. This language appears to have originated in Jackson v. Parker, 9 (Cowen) New York Supreme Court Reports, pp. 73, 81, decided by the Supreme Court of New York in 1828. While we have much respect for the decisions emanating from our great sister State of New York, such decisions can not change or modify the statutory law of this State. Under our statutory law in order for there to be an estate, there must be ownership of an interest in the property.

*Code* § 61-101 provides in part: "When the owner of real estate grants to another simply the right to possess and enjoy the use of such real estate, either for a fixed time or at the will of the grantor, and the tenant accepts the grant, the relation of landlord and tenant exists between them. In such case no estate passes out of the landlord, and the tenant has only a usufruct, which he may not convey except by the landlord's consent and which is not subject to levy and sale; . . ." Our statutes do not define the word "usufruct." Black's Law Dictionary, 3d Ed., at page 1799, defines "usufruct" as: "The right of enjoying a thing, the property of which is vested in another, and to draw from the same all the profit, utility, and advantage which it may produce, provided it be without altering the substance of the thing." See also Bouvier's Law Dictionary, 3d Rev., Vol. 2, p. 3380. From the definitions of the word "usufruct" it appears that the plaintiff did not obtain as much as a usufruct in the property, since it did not obtain the right "to draw from the same all the profit, utility, and advantage which it may produce."

The present case in principle (because of the limited use acquired) is controlled by *Johnson v. Brice*, 151 Ga. 472 (107 SE 338); *Griffith v. Smith*, 155 Ga. 717 (118 SE 194); and *Southern Airways Co. v. DeKalb County*, 216 Ga. 358 (116 SE2d 602). Under the limitations, restrictions, and conditions of the contract between the parties no estate in the lands passed to the plaintiff.

It obtained merely a *license* in real property, which is defined as "authority to do a particular act or series of acts on land of another without possessing any estate or interest therein." Black's Law Dictionary, 3d Ed., p. 1110. See also Bouvier's Law Dictionary, 3d Rev., Vol. 2, p. 1974; Webster's New International Dictionary, 2d Ed., p. 1425. The plaintiff acquired "only a license to use it [the land] for the purpose stated, during the period specified in the contract." *Johnson v. Truitt*, 122 Ga. 327 (50 SE 135); *Lott v. Denton*, 146 Ga. 363, 364 (91 SE 112); *Harrell v. Williams & Sons*, 159 Ga. 230 (125 SE 452); *Treisch v. Doster*, 171 Ga. 525 (156 SE 231); *Whitehead v. Kennedy*, 206 Ga. 760 (58 SE2d 832).

*Judgment affirmed. All the Justices concur.*